**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1277

_____

ABDALLAH ABDULRAHEEM MOHAMMAD KHATER,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(Agency No. A099-301-296)
Immigration Judge: Laura N. Pierro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 5, 2026

_____

Before: SHWARTZ, BIBAS, and PHIPPS, *Circuit Judges*

(Filed: March 17, 2026)

_____

OPINION[*]

_____

PHIPPS, *Circuit Judge*.

A Jordanian national was charged with removability for violating the conditions under which he was admitted to the United States. *See* 8 U.S.C. § 1227(a)(1)(C)(i). He was ordered removed, but in the course of those proceedings, he unsuccessfully requested

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

administrative closure, a continuance on the day of the final removal hearing, and voluntary departure. Through this petition, he seeks to challenge those rulings. For the reasons below, we will deny in part and dismiss in part the petition.

## BACKGROUND

In November 2004, Abdallah Abdulraheem Mohammad Khater, a native and citizen of Jordan, entered the United States on a V-1 nonimmigrant visa as the spouse of a lawful permanent resident. *See* 8 U.S.C. § 1101(a)(15)(V). To maintain the conditions of his status of entry, Khater had to continue residing with his sponsoring spouse, and he could work only with proper employment authorization.

Those two conditions proved to be obstacles. In 2006, he and his wife separated, and she moved to Israel with their children, two of whom were United States citizens. Khater's employment authorization also expired in March 2009, but he subsequently operated a hookah lounge in Paterson, New Jersey.

In March 2011, the Department of Homeland Security commenced removal proceedings against Khater for failure to maintain the conditions under which he was admitted. *See id.* § 1227(a)(1)(C)(i). Those proceedings lasted over a decade, due in part to several continuances that Khater requested and received. During that time, he remarried a U.S. citizen, and she petitioned to adjust his status to become a lawful permanent resident.

About six days before the final removal hearing on November 8, 2021, Khater learned that DHS intended to deny that adjustment-of-status application. He then requested that DHS exercise prosecutorial discretion to discontinue the removal proceedings. And in the Immigration Court, he moved for administrative closure during the pendency of both his plea with DHS for prosecutorial discretion and a forthcoming petition by his U.S.-

2

citizen daughter for an adjustment of his status. DHS declined to abandon the removal proceedings, and the Immigration Judge denied his motion for administrative closure.

On the day of the final removal hearing, Khater requested a continuance to allow him time to apply for asylum based on a fear of returning to Jordan. *But see id.* § 1158(a)(2)(B) (providing a one-year time period to apply for asylum, subject to exceptions). The Immigration Judge denied that request.

At the hearing, Khater sought voluntary departure to Jordan if he were ordered removed. *See id.* § 1229c(b)(1). After determining that Khater had violated the conditions on his visa, the Immigration Judge issued a final order of removal and denied Khater's request for voluntary departure.

Through an administrative appeal to the Board of Immigration Appeals, Khater challenged the denials of his requests for administrative closure, a continuance on the day of the final removal hearing, and voluntary departure. The BIA rejected those arguments and upheld the final order of removal. Through a petition, Khater invokes the jurisdiction of this Court to contest that order. *See id.* § 1252(a)(1).

## DISCUSSION

Khater challenges the denial of his requests for administrative closure and for a continuance, but those need not be adjudicated unless it is "highly probable" that they affected the outcome of the proceedings. *Li Hua Yuan v. Att'y Gen.*, 642 F.3d 420, 427 (3d Cir. 2011). Khater has not demonstrated that the denial of either of those motions affected the Immigration Judge's determination that he violated the terms of his visa status. Without a showing of a high probability that resolution of those challenges in his favor would affect the outcome of the final order of removal, these components of his petition are meritless.

3

Khater's other challenge – to the denial of his request for voluntary departure – fails for a more fundamental reason. By statute, no court has jurisdiction to review such an order: "No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure." 8 U.S.C. § 1229c(f). And thus, despite his efforts to recharacterize his challenge as a due process claim, the jurisdictional bar applies to this specific ruling (which does not implicate any constitutionally protected liberty interest), and this portion of his petition must be dismissed. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 189–90 (3d Cir. 2007) (explaining that "artful labeling will not confer us with jurisdiction" under 8 U.S.C. § 1252(a)(2)(D) and "[r]ecasting challenges to factual or discretionary determinations as due process or other constitutional claims is clearly insufficient to give this Court jurisdiction").

## CONCLUSION

For the foregoing reasons, we will deny the petition in part with respect to the rulings on administrative closure and a continuance, and we will dismiss the petition in part with respect to the ruling on voluntary departure.

4